IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

RACHEL BRY,

    Plaintiff,

vs.

ASANTE, dba ASANTE HEALTH SYSTEM,

    Defendant.

Civ. No. 1:24-cv-1185-AA

**OPINION & ORDER**

AIKEN, District Judge:

    Plaintiff Rachel Bry brings religious discrimination employment claims against her former employer, Defendant Asante Health System, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and under ORS 659A.030.  *See* Second Am. Compl. ("SAC"), ECF No. 10.  Before the Court is Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's claims.  For the reasons stated below, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 11, and DISMISSES Plaintiff's Title VII and state claims with prejudice.

## BACKGROUND

    In February 2020, the global COVID-19 pandemic hit Oregon and the United States.  In August 2021, the FDA approved the first COVID-19 vaccine.  The Court takes judicial notice that, on August 5, 2021, the Oregon Health Authority ("OHA") issued a rule requiring all Oregon healthcare providers and staff to be fully

vaccinated against COVID-19 (the "OHA Vaccine Mandate") by September 30, 2021, subject to medical or religious exemption as provided under existing federal law. *Former* OAR 333-019-1010 (Aug. 5, 2021), (Aug. 25, 2021). "Courts may take judicial notice of . . . the 'records and reports of administrative bodies.'" *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).

"In the summer of 2021, the Defendant imposed a vaccine mandate on its employees." SAC ¶ 7. "Consistent with state and federal law, employees with religious convictions anathema to the vaccine . . . had the right to apply for [a] religious . . . exception[] to the vaccine." *Id.* At that time, Plaintiff was employed by Defendant as a Registered Nurse. *Id.* at ¶¶ 6, 16. In September 2021, "Plaintiff applied for a religious exemption from the vaccine[.]" *Id.* at ¶ 17. "She submitted an extensive letter to [Defendant] and when asked to provide more information, submitted this information as well." *Id.* Plaintiff's "religious exception request was denied[,]" and she "was placed on unpaid leave and effectively terminated." *Id.*

## LEGAL STANDARD

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept a plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* at 555 (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

## DISCUSSION

Plaintiff brings religious discrimination employment claims under Title VII and ORS 659A.030 on a failure to accommodate and a disparate treatment theory. SAC at ¶¶ 24, 31. "A claim for religious discrimination under Title VII can be asserted under several different theories, including disparate treatment and failure to accommodate." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

Plaintiff's state law claims under ORS 659A.030 are analyzed together with her Title VII claims. "Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's

state law discrimination claim can be analyzed together with [their] federal discrimination claim." *Pullom v. U.S. Bakery,* 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n.2 (9th Cir. 1993); *Winnett v. City of Portland,* 118 Or. App. 437, 442–43 (1993)).

I.   *Failure to Accommodate Claim*

Plaintiff first alleges a failure-to-accommodate claim. Plaintiff alleges that she was improperly denied a religious exemption from the vaccine, SAC ¶¶ 14, 17, and that "[i]nstead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination[,]" *id.* at ¶ 30.

A *prima facie* case of a religious discrimination under a failure-to-accommodate theory requires a plaintiff to show that "(1) [plaintiff] had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) [plaintiff] informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected [plaintiff] to an adverse employment action because of [plaintiff's] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606.

In her religious exemption request form and in a follow-up letter requested by Defendant, Plaintiff explained her religious belief and why it conflicted with Defendant's vaccine mandate. SAC ¶ 17. Plaintiff's religious exemption request form provides:

> It is my firmly held belief that my body is a temple. . . . God instructs me not to defile my temple or the temple of God. It is a God given right

> and responsibility to protect the physical integrity of my body. . . . It is my God given natural right to put only clean, healthy and life[-]giving nourishment in my body to protect and sustain my immune system.
>
> The Covid 19 vaccine is made with nanotechnology, nanoparticles, aborted fetal cells and other immune altering cells that could potentially harm my body, are not natural or clean. My natural innate immune system is supported by clean and natural nourishment which is what God instructs and approves. That is what I chose to enhance and protect it with. I have a God given natural immune system that has already fought and acquired anti-bodies to Covid 19. Natural immunity is more effective and longer lasting than vaccine induced immunity. (Furthermore, the [Vaccine Adverse Event Reporting System] reports by the CDC has thousands of reported adverse reactions shorty [sic] after receiving this vaccine which may indicate causation. I question the safety, efficacy and long[-]term health effects of this vaccine.)
>
> The Covid 19 vaccine is equivalent to unclean, unsafe nourishment and defiles what God has instructed. I refuse to harm my temple or allow unclean, unsafe nourishment and to honor Gods word as Holy laws supersede all manmade laws in my spiritual consciousness as held by my lifelong Christian beliefs.

Plaintiff Exemption Request Form, Payne Decl. Ex. 1, ECF No. 12-1.  In the follow-up letter that Defendant requested, Plaintiff elaborates:

> I avoid substances that are altered chemically or not pure. I put into my body only what the creator has made available to support and sustain on this earth. I abstain from genetically engineered foods and supplements. I avoid produce and food with pesticides, artificial substances, additives, preservatives, and chemical containing cleaning products. I have not needed pharmacological medications thus far in my life as I have sustained proper health with being in alliance to a healthy lifestyle. I have avoided thus far adverse health effects such as diabetes, obesity, heart disease and any other disease. I lead a healthy lifestyle and do not put unclean, or chemically altered food. I choose whole, natural foods and supplements in my diet. My body is a temple and God instructs not to defile it with unclean things. So far, that has kept me healthy and thriving. Our creator did provide us what we need on this earth and disease can be avoided or at least lessened through consuming only what nature intended. I have a minimalist approach to interventional medicine. I once needed an MRI for a broken bone and

Page 5 – OPINION AND ORDER

> non-contrast was medically acceptable, and I avoided gadolinium as it was not necessary.

Plaintiff Follow-up Letter, Payne Decl. Ex. 2, ECF No. 12-2.

As to the first element of a *prima face* case, "a plaintiff must allege . . . that she holds a 'bona fide religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). "A bona fide religious belief is one that is 'sincerely held,'" and "[a] court should generally accept the assertion of a sincerely held religious belief." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted). Further, "[a] religious belief need not be consistent or rational to be protected under Title VII[.]" *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)). As to religious-based vaccine objections, a court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021).

"[T]he [plaintiff's] burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge*, 63 F.4th at 1223. But courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Id.* Nor does Title VII protect medical, economic, political or social views, or personal preferences. *See Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998) ("Title VII does not protect secular preferences."); *see also Detwiler*, No. 3:22-cv-01306-JR, 2022 WL 19977290, at *4 ("The EEOC's guidance notes [that] objections to

Page 6 – OPINION AND ORDER

the COVID-19 vaccine that 'are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns' are not protected by Title VII."). Courts must distinguish between conflicts that are "rooted in religious belief" as opposed to "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Wisconsin v. Yoder*, 406 U.S.205, 215 (1965)).

Defendant asserts that Plaintiff fails to meet the first element of a failure-to-accommodate claim because "Plaintiff's objections to vaccination . . . do not disclose any conflict between [Defendant] and OHA's vaccine requirement and any protected religious belief[,]" Def. Mot. at 13, but, instead, "turn[] on secular, medical beliefs and personal preferences[,]" *id.*

Courts in this District have noted that vaccine religious exemption cases generally fall into three categories: "(1) those in which plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief." *Prodan v. Legacy Health*, 716 F. Supp. 3d 1044, 1049 (D. Or. 2024).

Plaintiff's allegations fall into the second category of Title VII case law, "a religious belief coupled with a secular [vaccine] objection[]." *Id.* Plaintiff alleges a religious belief that the "body is a temple" that "God instructs me not to defile[.]" But Plaintiff objects to the vaccine, not for religious reasons, but because she questions its "safety, efficacy and long[-]term health effects[.]" She believes that it contains

Page 7 – OPINION AND ORDER

"nanotechnology, nanoparticles, aborted fetal cells[,] and other immune altering cells that could potentially harm [her] body." And she asserts that her "natural immunity is more effective and longer lasting[.]" Plaintiff's medical and biological objections are secular. Plaintiff's letter describes her personal preference to "lead a healthy lifestyle" by "avoid[ing] substances that are altered chemically or not pure," such as "pesticides, artificial substances, additives, preservatives, . . . chemical containing cleaning products . . . [and] pharmacological medications[.]" As an example, Plaintiff explains that she declined an MRI with a contrast agent because that agent "was not necessary[.]"

Courts in this District have held that "allegations of a religious belief coupled with a secular objection fails to plead a bona fide religious belief in conflict with an employment duty because the objection itself is secular." *Prodan*, 716 F. Supp. 3d at 1049. Title VII does not protect medical, economic, political, social, or personal preferences. *See Tiano*, 139 F.3d at 682 (9th Cir. 1998) ("Title VII does not protect secular preferences"); *Detwiler*, 2022 WL 19977290, at *4 (dismissing a Title VII claim by a plaintiff who alleged that her body was a "temple of God" and objected to the COVID-19 antigen testing requirements because she believed that the test was "dipped in ethylene oxide," a harmful "carcinogenic substance," determined by the court to be a medical/secular, not religious, objection).

While Plaintiff's religious belief that "[her] body is a temple" that "God instructs [her] not to defile" is presumed sincerely held, her vaccine objection arises not from a religious tenet, but from her secular health and wellness beliefs. And her

Page 8 – OPINION AND ORDER

religious belief that her "body is a temple" does not transform her vaccine objections into religious ones. *See Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2024 WL 21557, at *4 (D. Or. Jan. 2, 2024) (dismissing a Title VII claim because "[p]laintiff's [alleged] beliefs about the composition of his body and that of the vaccine are independent of one another; whether [p]laintiff's body is a temple has no bearing on whether the vaccine contains carcinogens or whether, as a result of its ingredients, it 'can cause serious harm'"). Likewise, here, Plaintiff's religious belief that her body is a temple that she must not defile is independent of her medical, health, and wellness conclusions about the kinds of things that would defile that temple. Her conclusions that the vaccine is harmful and ineffective are derived from medical, health and wellness information (including information from the CDC website), not from a religious tenet.

Because Plaintiff fails to allege a vaccine conflict that derives from a religious tenet rather than a secular belief, she fails to state a failure-to-accommodate religious discrimination claim under Title VII and state law.

II.     *Disparate Treatment Claim*

In the red-lined copy of Plaintiff's SAC, required by Local Rule 15(b), Plaintiff crossed out Title VII claims for disparate treatment and disparate impact. *See* red-lined SAC, ¶¶ 24, 31, Ex. 1, ECF No. 10-1. But both parties address a disparate treatment claim. *See* Def. Mot. at 6–8; Pl. Resp. at 4, ECF No. 14. Because the Court view's Plaintiff's complaint in the light most favorable to Plaintiff, the Court will review a potential disparate treatment claim.

Page 9 – OPINION AND ORDER

Plaintiff alleges that "Defendant wrongfully terminated Plaintiff . . . by identifying the Plaintiff and other similarly situated employees by their initial requests for religious accommodation and terminating them after they invoked their rights." SAC ¶¶ 24, 31. Plaintiff also alleges that Defendant was "aware that the vast majority of individuals who objected to taking the vaccines did so for religious reasons[,]" *id.* at ¶ 10, and that Defendant was motivated by "religious animus" to "intentionally implement[] policies and procedures designed to ensure that those [religious] people would not be able to continue working for [Defendant]," *id.* at ¶ 11.

The elements of a *prima facie* disparate treatment claim under Title VII are, "(1) [plaintiff] is a member of a protected class; (2) [plaintiff] was qualified for [the] position; (3) [plaintiff] experienced an adverse employment action; and (4) similarly situated individuals outside [plaintiff's] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson*, 358 F.3d at 603. Unlike a failure-to-accommodate claim, a disparate treatment claim requires an allegation that the defendant acted with discriminatory intent. *Lavelle-Hayden v. Legacy Health*, No. 3:22-cv-01752-IM, 2024 WL 3822712, at *7 (D. Or. Aug. 14, 2024).

Defendant argues that Plaintiff fails to "plausibly allege[] the fourth element" of a disparate treatment claim, Def. Mot. at 6, because "Plaintiff's only attempt to plead circumstances to show an inference of discrimination appear to be allegations that religious animus drove [Defendant's] creation or implementation of its vaccine requirement[,]" *id.,* when, instead, Defendant implemented its policy "to comply with

the OHA's [vaccine mandate] regulation[.]" *Id.* at 7. Defendant asserts that the OHA "regulations also required [Defendant] (and all other healthcare employers) to have specific documentation of employees' bases for religious exceptions to vaccination." *Id.*

In her response, Plaintiff offers no substantive argument to defend her disparate treatment claim and asserts only that "Plaintiff has made out a *prima facie* case for a disparate treatment claim," Pl. Resp. at 4, and that "[t]his claim should be allowed to stand at this time[.]" *Id.*

In August 2021, Defendant implemented an employee vaccine mandate and exemption process to comply with the statewide OHA vaccine mandate, which contained the following provisions:

> An employer of healthcare providers or healthcare staff . . . may not employ . . . healthcare providers or healthcare staff persons who are working . . . at a healthcare setting unless the healthcare providers or healthcare staff persons are fully vaccinated against COVID-19 or have a documented medical or religious exception.

*Former* OAR 333-019-1010(3)(b) (Aug. 25, 2021).

> A religious exception must be corroborated by a document, on a form prescribed by the Oregon Health Authority . . . signed by the individual . . . requesting an exception . . . on the basis of a sincerely held religious belief and including a statement describing the way in which the vaccination requirement conflicts with the religious observance, practice, or belief of the individual.

*Former* OAR 333-019-1010(4)(b)(B) (Aug. 25, 2021).

In the SAC's narrative, Plaintiff makes unsupported allegations that Defendant intentionally acted with religious animus when it implemented its vaccine mandate and exemption policy. For example, Plaintiff alleges that "[Defendant's]

Page 11 – OPINION AND ORDER

agents had religious animus towards the employees with religious convictions against taking any of the available COVID-19 vaccines, and intentionally implemented policies and procedures designed to ensure that those people would not be able to continue working for Asante[.]" SAC ¶ 11.

Given that Defendant was required by law to implement a vaccine mandate and exemption process, the Court cannot infer religious discrimination based on the allegation that Defendant implemented a mandate and exemption process. Plaintiff also fails to sufficiently identify a protected class—but even assuming that religious employees who requested a vaccine exemption constitute a protected class—Plaintiff would have to plausibly allege that at least one similarly situated individual outside of Plaintiff's protected class was treated more favorably. "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003); *Weil v. Citizens Telecom Svcs. Co., LLC*, 922 F.3d 993, 1004 (9th Cir. 2019) ("[T]he plaintiff and the comparator employee must be similarly situated . . . in all material respects.") (internal quotation marks and citation omitted). Here, a similarly situated employee would be an unvaccinated registered nurse employed in a similar position who did not request an exemption. Plaintiff would have to plausibly allege that such individual was treated more favorably, but she fails to do so. *See Small v. Oregon Health and Sci. Univ.*, No. 3:23-cv-01290-JR, 2024 WL 4137484, at *5 (D. Or. Aug. 5, 2024) (dismissing disparate treatment claim because plaintiff failed to allege that "other unvaccinated employees in the same positions as plaintiffs . . . were permitted to continue working onsite or

otherwise remain[] employed by [defendant healthcare facility] despite their noncompliance with the COVID-19 vaccine requirement").

Because Plaintiff does not allege facts that allow the Court to infer that the mandate and exemption process was implemented for any purpose other than to comply with the law, Plaintiff's disparate treatment claim fails.

III.    *Leave to Amend*

Generally, Federal Rule of Civil Procedure 15 "advises the court that leave shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). "This policy is to be applied with extreme liberality." *Id.*

But "[d]ismissal without leave to amend is proper only if it is clear . . . that the complaint could not be saved by any amendment." *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir.2003) (internal quotation marks and citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada Cty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997) (alteration in original) (citation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). Further, a "district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint." *World Wide Rush, LLC v. City of L.A.*, 606 F.3d 676, 690 (9th Cir. 2010).

Page 13 – OPINION AND ORDER

Here, Plaintiff requests leave "to file a Third Amended Complaint" because "Plaintiff has not been dilatory or caused undue delay[,]" and "[t]he case is in its early stages." Pl. Resp. at 18. Defendant opposes further amendment because "the documents Plaintiff submitted to [Defendant] show that her objections to vaccination were substantively secular[] and included no religious basis for objection requiring accommodation." Def. Reply at 13–14, ECF No. 15.

Plaintiff has already amended her complaint twice. As to Plaintiff's failure-to-accommodate claim, Plaintiff provided the grounds for the religious exemptions she sought from Defendant, and the Court has determined that those grounds are insufficient to state a failure-to-accommodate claim under Title VII and state law. Because Plaintiff is unable to amend her religious exemption request form and follow-up letter, any attempt to further amend her complaint would be futile. As to Plaintiff's disparate treatment claim, Plaintiff fails to allege facts to support that Defendant implemented its vaccine mandate and exemption process for any reason other than to comply with state law. Given that Plaintiff has already amended her complaint twice, crossed out the disparate treatment claim in the SAC, and failed to defend that claim in response to Defendant's Motion, the Court determines that further amendment as to the disparate treatment claim is also futile. For these reasons, the Court denies leave to further amend the complaint.

## CONCLUSION

For the reasons explained, the Court GRANTS Defendant's Motion to Dismiss, ECF No. 11, and DISMISSES Plaintiff's Title VII and state claims with prejudice.

It is so ORDERED and DATED this <u>7th</u> day of May 2025.

       /s/Ann Aiken
       ANN AIKEN
       United States District Judge